**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM A. MATTHEWS,**

              **Plaintiff,**　　　　　　　1:09-cv-1267
　　　　　　　　　　　　　　　　　　　　　　(GLS\RFT)

        v.

**TOWN OF JEWETT; WILLIAM DWYER,** Zoning Code Officer, Town of Jewett; **JIM BROCKET; TAL RAPPLEYEA,** Attorney-At-Law, Town of Jewett; **JOEL SUTCH; MIKE FLAHERTY,** Representative of the Town of Jewett; **RICHARD TOMPKINS; JOE DOE;** and **JANE DOE,**

              **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:**<br>Dechert Law Firm<br>1095 Avenue of the Americas<br>New York, NY 10036 | THOMAS F. MUNNO, ESQ. |
| **FOR THE DEFENDANTS:**<br>*Town of Jewett, Dwyer, Brocket, Rappleyea, Flaherty, Tompkins, and Joe and Jane Doe*<br>Shantz, Belkin Law Firm<br>26 Century Hill Drive<br>Suite 202<br>Latham, NY 12110 | FREDERICK F. SHANTZ, ESQ. |

*Joel Sutch*
Ganz, Wolkenbreit Law Firm       ROBERT E. GANZ, ESQ.
1 Columbia Circle
Albany, NY 12203

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff William Matthews commenced this action under 42 U.S.C. § 1983 against defendants Town of Jewett, William Dwyer, Jim Brocket, Tal Rappleyea, Mike Flaherty, Richard Tompkins, and Joe and Jane Doe (Town defendants), and Joel Sutch, alleging violations of his Fourth and Fourteenth Amendment rights. (*See* Compl., Dkt. No. 1.) Pending are defendants' motions to dismiss. (Dkt. Nos. 8, 11.) For the reasons that follow, defendants' motions are granted.

## II. Background

William Matthews alleges that on January 12, 2006, while incarcerated at the Clinton Correctional Facility, he was contacted by defendant Rappleyea, attorney for the Town of Jewett. (*See* Compl. ¶ 13, Dkt. No. 1.) Rappleyea's letter informed Matthews that he was in violation

2

of Town of Jewett local law regarding junk yard regulations, and that Matthews would need to remove several junk vehicles from his property in order to comply with the local law. (*See* Pl. Ex. B, Dkt. No. 1.) Matthews appeared in Jewett Town Court on June 26, 2006, regarding these violations. (*See* Pl. Ex. C, Dkt. No. 1.) In those proceedings, it was determined that Matthews was in violation of the Jewett local law and subject to a weekly fine of $350.00 as long as the unregistered vehicles remained on Matthews's property. (*See id.*)

Matthews alleges that in August 2009, he became aware that sometime prior, defendants entered his property and seized his vehicles, causing damage to his property in the process. (*See* Compl. ¶¶ 16-18, Dkt. No. 1.) On November 12, 2009, Matthews commenced this lawsuit.

## III. Standard of Review

The standard of review under FED. R. CIV. P. 12(b)(6) is well established and will not be repeated here. For a full discussion of the standard the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010).

## IV. Discussion

Defendants assert that Matthews's claims are time barred because

3

all of the events at issue here are alleged to have occurred before August 2006.  (*See* Town Defs. Mem. of Law at 2-3, Dkt. No. 8:2; *see also* Sutch Mem. of Law at 2-3, Dkt. No. 11:2.)  Section 1983 actions are governed by the "general or residual state statute of limitations for personal injury actions."  *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (internal quotation marks and citation omitted).  As a result, New York's three-year statute of limitations for a personal injury, N.Y. C.P.L.R. § 214(5), applies to § 1983 actions in New York.  *See id.*  Consequently, absent any tolling of the limitations period, Matthews's claims would be time barred because they were filed more than three years after the seizure of his vehicles.

Matthews asserts two bases for the statute of limitations to be tolled in this case: mental incapacity and continuing violations.  (*See* Pl. Resp. Mem. of Law at 3-6, Dkt. No. 33.)

## A. "Insanity" Under N.Y. C.P.L.R. § 208

Matthews first argues that he is entitled to a hearing to determine whether his mental incapacity triggers the ten-year statute of limitations provided by N.Y. C.P.L.R. §208.[1]  (*See id.* at 3.)

---

[1] N.Y. C.P.L.R. § 208 states: "If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within

4

"[T]he condition of an individual's mental capabilities is largely a factual question ...." *McCarthy v. Volkswagen of Am., Inc.*, 55 N.Y.2d 543, 548 (N.Y. 1982). The tolling of the statute of limitations is intended to apply "only [to] those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *Id.*

In support of his argument, Matthews submitted an affidavit from his mother, Evalena Gates, as well as declarations from Caroline Hsu and Dr. Ernest M. Enzien, Jr. (*See* Enzien Decl., Dkt No. 33:1; Gates Aff., Dkt. No. 33:2; Hsu Decl., Dkt. No. 33:3.) All three make conclusory statements regarding Matthews's potential inability to understand and protect his legal rights. (*See id.*) Matthews's mother states that her son is illiterate and is easily confused. (*See* Gates Aff. ¶¶ 3-4, Dkt. No. 33:2.) Ms. Hsu states that she spoke to Matthews by telephone on one occasion and felt that he did not fully understand the conversation. (*See* Hsu Decl. ¶¶ 2-3, Dkt. No. 33:3.) And Dr. Enzien only saw Matthews "for issues relating to his

---

which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs; if the time otherwise limited is less than three years, the time shall be extended by the period of disability. The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except, in any action other than for medical, dental or podiatric malpractice, where the person was under a disability due to infancy."

5

physical health," and not his mental or psychological competency.  (Enzien Decl. ¶¶ 2-4, Dkt. No. 33:1.)  The court is not persuaded that Matthews has presented sufficient factual evidence to support a determination that he has an overall inability to function in society.  *See McCarthy*, 55 N.Y.2d at 548.  The affidavit of Matthews's mother confirms that he was in fact able to function in society, as he was able to live on his own and, with assistance, to participate in the sale of his property.  (*See* Gates Aff. at ¶¶ 3, 9, Dkt. No. 33:2.)  Furthermore, Matthews was able to seek assistance in protecting his legal rights, as he submitted a coherently dictated declaration to the court in connection with this case.  (*See* Matthews Decl., Dkt. No. 26.)

     Although Matthews may have had difficulty understanding certain things, the record demonstrates that his alleged illiteracy and difficulty understanding did not wholly prevent him from functioning in society.  Furthermore, the criteria for tolling the statute of limitations is construed narrowly by New York courts in order to prevent excessive broadening of the class of people permitted to toll the limitations period.  *See McCarthy,* 55 N.Y.2d at 549.  Accordingly, based on the evidence submitted to the court, Matthews's alleged mental incapacity is insufficient to warrant a

6

finding of "insanity" under N.Y. C.P.L.R. § 208, and thus cannot serve as a basis to toll the three-year statute of limitations.

## B. Continuing Violations

The time when a § 1983 claim accrues is a matter of federal law. *See Singleton v. City of New York*, 632 F.2d 185, 190 (2d Cir. 1980). "[A] Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (internal quotation marks and citation omitted). "The continuing violation doctrine is an exception to the normal knew-or-should-have-known accrual date." *Id.* (internal quotation marks and citation omitted). A continuing violation exists "[w]hen the claim is based, not on a single, discrete incident, but on an allegedly continuous, ongoing policy." *United States v. Yonkers Bd. of Educ.*, 992 F. Supp. 672, 676 (S.D.N.Y. 1998) (citing *Ass'n Against Discrimination v. City of Bridgeport*, 647 F.2d 256, 274-75 (2d Cir.1981)).

Matthews asserts that the defendants' acts of charging his tax bill for the costs involved in removing his property should constitute a continuing violation for purposes of the statute of limitations. (*See* Pl. Resp. Mem. of Law at 6, Dkt. No. 33.) Matthews argues that because these charges were

7

placed on his tax bill in December 2006, this is the date from which the three-year statute of limitations should have accrued, in which case his complaint would be timely.  (*See id.* at 5-6.)

The court is not convinced that the continuing violations doctrine is applicable in this case.  Specifically, the act of charging Matthews's tax bill does not constitute a "continuous, ongoing policy" of civil rights violations executed by the defendants.  *See Yonkers Bd. of Educ.,* 992 F. Supp. at 676.  In fact, in the context of cases involving civil rights violations based on the allegedly illegal seizure of property, courts have uniformly held that "the violation of one's civil rights accrues when the property is seized." *Johnson v. Cullen*, 925 F. Supp. 244, 249 (D. Del. 1996).  In other words, the crucial date for statute of limitations accrual purposes is when the allegedly illegal act occurred, not when the consequences manifest themselves.  *See Chardon v. Fernandez*, 454 U.S. 6, 8 (1981); *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999); *Yip v. Bd. of Trs. of the State Univ. of N.Y.*, No. 03-CV-00959C,  2004 WL 2202594, *5 (W.D.N.Y. Sept. 29, 2004).  Any injuries to the plaintiff arising from the seizure of property are generally found to be "a mere consequence of the alleged illegal seizure" and "[stemming] from the initial, single, unlawful

8

act." *Johnson*, 925 F. Supp. at 249 (citing *Shannon v. Recording Indus. Ass'n of Am.*, 661 F. Supp. 205, 211 (S.D. Ohio 1987)); *see also Triestman v. Probst*, 897 F. Supp. 48, 49-50 (N.D.N.Y. 1995).

Matthews alleges that the defendants illegally seized his personal property in violation of his civil rights. (*See* Compl., Dkt. No. 1.) The court views the seizure as a single, discrete incident, and not a continuing, repetitive violation. The charge to Matthews's tax bill does not represent a continuous violation, but rather a consequence of the initial alleged violation, the seizure. Accordingly, the limitations period is not tolled by way of the continuing violations doctrine. Consequently, Matthews's Fourth and Fourteenth Amendment claims are dismissed as barred under the applicable statute of limitations.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants Town of Jewett, William Dwyer, Tal Rappleyea, and Mike Flaherty's motion to dismiss (Dkt. No. 8) is **GRANTED** and all claims against Town defendants are **DISMISSED**; and it is further

**ORDERED** that defendant Joel Sutch's motion to dismiss (Dkt. No.

11) is **GRANTED** and all claims against Joel Sutch are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 21, 2011
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge